UNITED STATES DISTRICT COURT

DISTRICT OF NORTH DAKOTA

SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY MOORE, | ) | 1:10-cv-00053-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING |
| vs. | ) | COMPLAINT |
| | ) | |
| LEANN K. BERTSCH, | ) | |
| CHARLES MILLER, | ) | |
| DANIEL HOVLAND, | ) | |
| KAREN KLEIN, | ) | |
| RALPH ERICKSON, | ) | |
| PATRICK COMNY, | ) | |
| ALICE SENECHAL, | ) | |
| CHARLES B. KORNMANN, | ) | |
| JAMES B. LOKEN, | ) | |
| FRANK MAGILL, | ) | |
| C. ARLEN BEAM, | ) | |
| DAVID HANSEN, | ) | |
| PASCO M. BOWMAN, | ) | |
| ROGER L. WOLLMAN, | ) | |
| MORRIS S. ARNOLD, | ) | |
| DIANA E. MURPHY, | ) | |
| KERMIT BYE, | ) | |
| WILLIAM RILEY, | ) | |
| MICHAEL MELLOY, | ) | |
| LAVENSKI SMITH, | ) | |
| DONALD LAY, | ) | |
| GERALD HEANY, | ) | |
| MYRON BRIGHT, | ) | |
| DONALD RUSS, | ) | |
| RICHARD ARNOLD, | ) | |
| JOHN GIBSON, and | ) | |
| GEORGE FAGG, individually and | ) | |
| in their official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

On January 27, 2010, plaintiff Anthony Moore, appearing *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 claiming a violation of his civil rights. (Docket 1). Plaintiff is a prisoner at the North Dakota State Prison in Bismarck, North Dakota. Id. at p. 3. The printed caption of the complaint was "In the United States District Court, District of North Dakota." Id. at p. 1. The words "North Dakota" were lined out and Mr. Moore inserted "Missouri" into the caption. Id. The complaint was filed in the United States District Court for the Southern District of Illinois, East St. Louis Office. Id.

Mr. Moore also filed an application to proceed *in forma pauperis*. (Docket 2). The same strikeover of "North Dakota" and the insertion of "Missouri" appears on this application. Id.

On June 23, 2010, Chief Judge David R. Herndon of the United States District Court for the Southern District of Illinois filed a memorandum and order in this action. (Docket 3). Chief Judge Herndon found that (1) "plaintiff was incarcerated in the North Dakota State Prison, located in Burleigh County, North Dakota"; (2) "Burleigh County is situated in the federal judicial district for the District of North Dakota, Southwestern Division"; and (3) the "[d]efendants are located there and all the alleged events took place there." Id. Accordingly, Chief Judge Herndon transferred this action "to the United States District Court for the District of North Dakota, Southwestern Division, for a determination as to whether Plaintiff

2

should be granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915, and such further proceedings as that court may deem appropriate." Id.

On July 1, 2010, the case was transferred to the United States District Court for the District of North Dakota, Southwestern Division. (Docket 4). That same day Chief Judge Ralph R. Erickson reassigned this case to the undersigned federal district judge for all further proceedings. (Docket 5). Mr. Moore subsequently filed a motion for preliminary injunction. (Docket 6).

Mr. Moore's pleadings allege that defendant Leann K. Bertsch, as Clerk of the North Dakota Pardon Advisory Board, refused to process his pardon application. Mr. Moore sought clemency from the Governor of North Dakota to reduce his 20-year sentence for gross sexual imposition. Ms. Bertsch advised Mr. Moore by letter dated October 14, 2009, that the Pardon Advisory Board denied Mr. Moore parole consideration due to the seriousness of his offense.

In addition to Ms. Bertsch, Mr. Moore named as defendants in their individual and official capacities all the federal district judges and magistrate judges for the District of North Dakota, South Dakota District Judge Charles B. Kornmann, and all judges serving on the United States Court of Appeals for the Eighth Circuit. The complaint names a total of 27 defendants. Mr. Moore claims the federal judicial officers were complicit in the denial of his pardon application.

Mr. Moore seeks a court order requiring Ms. Bertsch to process immediately his application for a North Dakota pardon. Mr. Moore also demands that none of the defendant judicial officers participate in this case. He asks that the case be transferred to the "United States Court of Appeals and the United States District Court for the District of Columbia in Washington, D.C." (Docket 1, page 6).

## ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915, establishes the procedure by which a prisoner may access the court, pursuant to 42 U.S.C. § 1983, claiming a violation of civil rights. Section 1915(e)(2) states that:

> . . . the court shall dismiss the case at any time if the court determines that--
>
>     (A)    the allegation of poverty is untrue; or
>
>     (B)    the action . . .
>
>         (i)    is frivolous or malicious;
>
>         (ii)    fails to state a claim on which relief may be granted; or
>
>         (iii)    seeks monetary relief against a defendant who is immune from such relief.

Id. Section 1915(g) further directs:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in

>a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

In this present action, Mr. Moore alleges "Ms. Leann K. Bertsch has placed the plaintiff into [sic] emminent [sic] danger of serious physical injury by a refusal to process the plaintiff's application for a pardon under the North Dakota Century Code Chapter 12-55.1 because of the governor not being allowed to make a final decision on the plaintiff's application for a pardon on the reasons for a pardon contained in the application." (Docket 1 p. 5). Mr. Moore's strategy in alleging "emminent [sic] danger of serious physical injury" is obvious based on his history of serial litigation in the United States District Court for the District of North Dakota. By claiming exposure to "serious physical injury," Mr. Moore seeks to avoid the three strikes filing prohibition in 28 U.S.C. § 1915(g).

In Anthony Moore v. Leann K. Bertsch, (1:09-cv-058) (Docket 1) (D.N.D. 2009), Mr. Moore asserted a number of civil rights violations under 42 U.S.C. § 1983. On December 21, 2009, the Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, sitting by assignment because the District of North Dakota judges were named defendants, entered an order denying Mr. Moore's motion to proceed without the prepayment of fees. Id. at Docket 16 at p. 3. In that action, Mr. Moore alleged "he [was] in imminent danger of serious physical injury"

because of the conditions of his incarceration at the North Dakota State Penitentiary.  Id.  Judge Kornmann reviewed in detail Mr. Moore's long history of prisoner litigation and found that most of Mr. Moore's filings were dismissed as frivolous and for failure to state a claim.  Id.  Concluding that Mr. Moore was subject to the "three strikes rule" of § 1915(g), Judge Kornmann noted that Mr. Moore "owes several thousand dollars in filing fees for cases wherein he was allowed to proceed without the prepayment of fees."  Id. at p. 4.  Judge Kornmann held Mr. Moore was not entitled to proceed without the prepayment of fees and dismissed the action for failure to state a claim.  Id.

   One month later in Anthony Moore v. Cass County Jail Medical Department, et al., (3:09-cv-113) (Docket 7 at p. 1) (D.N.D. 2009), Judge Kornmann again accepted assignment because "Plaintiff has adopted a strategy of including as a named defendant all magistrate and district court judges in the federal courts in North Dakota."  Judge Kornmann referenced the previous order in which he concluded Mr. Moore was a "serial litigator."  Id.  Judge Kornmann ruled that the action "should be dismissed as frivolous and for the same reasons set forth . . . in the Order entered in [1:09-cv-058]."  Id. at p. 3.  The case was "dismissed on the merits and with prejudice."  Id.  Based on Mr. Moore's history as a serial litigator, Judge Kornmann ordered "plaintiff should be enjoined from filing any further lawsuits in the North Dakota and South Dakota district courts unless the pleadings are signed, pursuant to Federal Rules of Civil Procedure 11, by an

attorney admitted to the court, or unless a federal judicial officer has authorized in writing the filing of such pleadings in advance." Id.

Because of Mr. Moore's litigation history in the United States District Court for the District of North Dakota, it is apparent Mr. Moore chose to strikeover "North Dakota" and write "Missouri" in the caption of this present action to avoid the filing restrictions imposed by Judge Kornmann. (Docket 1). Mr. Moore knew he was prohibited from filing any further litigation in the Districts of North Dakota and South Dakota under Judge Kornmann's order in Moore v. Cass County Jail Medical Department, et al., (3:09-cv-113). In an effort to circumvent that order, Mr. Moore attempted to venue this action in the United States District Court for the "District of Missouri."[1] The complaint ultimately was filed in the Southern District of Illinois. The case was properly transferred to North Dakota pursuant to 28 U.S.C. §§ 1404(a) and 114.

When considering Mr. Moore's *in forma pauperis* application, the court must construe all factual allegations in favor of the plaintiff. See Denton v. Hernandez, 504 U.S. 25, 32 (1992). However, this court cannot conceive of any realistic situation in which a state government official's notice to Mr. Moore that his pardon application was denied due to the seriousness of his crime placed Mr. Moore in "imminent danger of serious physical injury" as

---

[1]Mr. Moore's caption identifying the "District of Missouri" is in error. There is no such judicial district. The state of Missouri encompasses the United States District Courts for the Eastern District of Missouri and for the Western District of Missouri.

7

contemplated by § 1915(g).  Simply because Mr. Moore alleged it is so, does not make it so.  <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003) (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.").  Mr. Moore's complaint does not fall within the exception for "imminent danger of serious physical injury" in § 1915(g).

Mr. Moore's allegation that Ms. Bertsch did not properly process Mr. Moore's application for a North Dakota pardon does not describe a type of conduct appropriate for redress under 42 U.S.C. § 1983.  "It is well-established that prisoners have no constitutional or fundamental right to clemency."  <u>Joubert v. Nebraska Board of Pardons</u>, 87 F.3d 966, 968 (8th Cir. 1996) (citing <u>Connecticut Bd. of Pardons v. Dumschat</u>, 452 U.S. 458, 463-64 (1981) and <u>Otey v. Stenberg</u>, 34 F.3d 635, 637 (8th Cir. 1994)).  For the same reason, Mr. Moore's motion for a preliminary injunction fares no better.

## FINDINGS AND ORDER

Based on this analysis, the court makes the following findings:

1. Plaintiff's filings are not exempt from the three strikes provision of § 1915(g);

2. The present action is frivolous and without merit;

3. The present action fails to state a claim upon which relief can be granted; and

4. Plaintiff's attempt to file this action in a district other than North Dakota was a direct and deliberate effort to circumvent the litigation prohibition imposed by Judge Kornmann in <u>Moore v. Cass County Jail Medical Department, et al.</u>, (3:09-cv-113).

Based on these findings, it is hereby

ORDERED that plaintiff's application to proceed *in forma pauperis* (Docket 2) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for preliminary injunction (Docket 6) is denied.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed on its merits and with prejudice.

IT IS FURTHER ORDERED that plaintiff shall comply with the conditions imposed by Judge Kornmann in <u>Moore v. Cass County Jail Medical Department, et al.</u>, (3:09-cv-113) (Docket 7) before filing or attempting to file any lawsuit in the Districts of North Dakota or South Dakota.

Dated July 27, 2010.

                         BY THE COURT:

                         /s/ *Jeffrey L. Viken*
                         JEFFREY L. VIKEN
                         UNITED STATES DISTRICT JUDGE